UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CR-360(1)(JMR/FLN)
04-CV-4013(JMR)

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Henry Vincent Kelly | ) | |

Henry Vincent Kelly moves the Court to vacate, set aside, or correct his sentence. For the following reasons, his motion is denied.

I. Background

On December 3, 2001, Mr. Kelly was charged in a two-count indictment with aiding and abetting the possession of, and conspiracy to distribute and possess with intent to distribute, more than 500 grams of cocaine mixture, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 21 U.S.C. § 846, and 18 U.S.C. § 2. On January 29, 2002, Mr. Kelley pleaded not guilty and moved to suppress certain evidence and statements. The Honorable Franklin L. Noel, United States Magistrate Judge, recommended that Mr. Kelly's motions be denied. On March 22, 2002, this Court adopted the Magistrate's Report and Recommendation.

Both parties having waived a jury trial, the matter was heard by the Court. On March 26, 2002, Mr. Kelly was found guilty on both counts of the indictment. He was sentenced him to 262 months imprisonment based on the Court's determination that he was a career offender pursuant to United States Sentencing

Guidelines § 4B1.1.

Mr. Kelly appealed his conviction. On May 27, 2003, the Eighth Circuit Court of Appeals affirmed the conviction and sentence. See United States v. Kelly, 329 F.3d 624 (8th Cir. 2003).

On September 1, 2004, Mr. Kelly filed this motion pursuant to 28 U.S.C. § 2255 claiming violation of his federal due process rights. In particular, he claims his counsel was ineffective for two reasons. First, that counsel failed to "investigate the source of funds sent by Western Union to Henry Kelly from Jeannette Johnson." According to Mr. Kelly, such an investigation would have revealed that Ms. Johnson cashed the checks at a local casino. Second, that counsel did not object to the admissibility of Ms. Johnson's testimony; Mr. Kelly maintains her testimony was inadmissible under Federal Rule of Evidence 404(b).

II. Discussion

To establish ineffectiveness of counsel, Mr. Kelly must show that counsel's representation "fell below an objective standard of reasonableness," and that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The Eighth Circuit terms this a "heavy burden" in the context of Section 2255 motions. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

The record shows that Mr. Kelly's counsel presented a

professional and reasonable defense on behalf of his client. Mr. Kelly has not shown counsel was ineffective for failing to investigate or challenge at trial the source of funds wired to him by Ms. Johnson. Ms. Johnson's testimony was attacked on cross-examination. Ultimately, when determining Mr. Kelly's sentence, the Court did not take into account any of the government's evidence presented through Ms. Johnson. Mr. Kelly has failed to show his counsel was ineffective on this point.

Mr. Kelly's second claim rests on equally shaky ground. The Court finds no basis to exclude Ms. Johnson's testimony under Federal Rule of Evidence 404(b). Mr. Kelly claims Ms. Johnson's testimony amounted to "prior bad acts" not relevant to the charged conduct. He is incorrect; Ms. Johnson's evidence fell squarely within the conspiracy's time frame as charged in Count 2. It was properly admitted as relevant to that charge.

Finally, and most importantly, Mr. Kelly can show no prejudice arising from counsel's alleged deficiencies. As the Court clearly stated on the record, it did not credit Ms. Johnson's testimony when considering defendant's sentence. Sent. Tr. at 7. Therefore, defendant cannot show the prejudice required by Strickland.

Mr. Kelly's motion and the supporting record conclusively show he is not entitled to relief under Section 2255. Accordingly, the motion is denied without an evidentiary hearing. 28 U.S.C. § 2255; Saunders v. United States, 236 F.3d 950, 952 (8th Cir. 2001).

## III. Conclusion

For the foregoing reasons, Mr. Kelly is not entitled to relief, and his motion under 28 U.S.C. § 2255 is denied with prejudice. [Docket No. 134.]

IT IS SO ORDERED.

Dated: December 13, 2004

s/James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge